IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10673
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GENE IRVING GARLAND, Jr.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-197-1-H
--------------------
June 3, 2002

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Gene Garland appeals his conviction of 120 counts of fraud and money laundering. He argues that 1) the Government constructively amended the indictment when it introduced at trial a new theory of fraud not alleged in the indictment and 2) there was insufficient evidence that his money-laundering offenses affected interstate commerce and the money-laundering statutes

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

are unconstitutional because they are not sufficiently related to interstate commerce.

Unlike the cases relied upon by Garland and contrary to his description of the indictment, the allegations of fraud in the indictment covered Garland's selling of annuities that were not actually annuities. The evidence of such fraud did not amend the indictment. See Stirone v. United States, 361 U.S. 212, 215-18 (1960); United States v. Munoz, 150 F.3d 401, 417 (5th Cir. 1998). Furthermore, a review of the record reveals that Garland was convicted not for alleged deception with the selling of the annuities but for the pilfering of the money used by investors to buy the annuities. Garland's argument that his convictions were based upon a new theory of fraud not alleged in the indictment is without merit. Garland's challenge to the sufficiency of the evidence of his money-laundering offenses affecting interstate commerce and his challenge to the constitutionality of the money-laundering statutes are also without merit. See United States v. Westbrook, 119 F.3d 1176, 1191-92 (5th Cir. 1997); United States v. Meshack, 225 F.3d 556, 572-73 (5th Cir. 2000).

AFFIRMED.